IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:09CV3217 |
| vs. | ) | |
| | ) | MEMORANDUM AND |
| TERRY COON and LISA COON, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on the motions (Filings 6 & 8) of the United States to compel post-judgment discovery responses from the defendants.

### BACKGROUND

    On April 8, 2008, the United States Bankruptcy Court for the District of Nebraska entered judgment in favor of the United States and against the defendants, Terry Coon and Lisa Coon. The judgment was registered in this court on May 30, 2008.

    On August 21, 2009, counsel for the United States served interrogatories and requests for production of documents on each of the defendants in aid of execution of the judgment. The defendants did not respond to the interrogatories or to counsel's follow-up letters dated September 30, 2009, prompting the government to file motions to compel discovery from the defendants. The court has reviewed the interrogatories and finds that the government's motions should be granted.

### DISCUSSION

    Under Rule 69(b) of the Federal Rules of Civil Procedure, a judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person, including the judgment debtor. Discovery devices in the state and federal court systems include, but are not limited to, debtor's examinations, depositions upon oral examination or written questions, written interrogatories, requests for the production of documents or things, permission to enter upon land or other property for inspection and other purposes, physical and mental examinations, requests for admission, and subpoenas.

The law allows judgment creditors to conduct full post-judgment discovery to aid in executing judgment, and the plaintiff "'is entitled to a very thorough examination of the judgment debtor.'" *Credit Lyonnais, S.A. v. SGC Intern. Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). "The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a); *see* Neb. Rev. Stat. §§ 25-1564 through 25-1580. .

The defendants, Terry Coon and Lisa Coon, will be ordered to answer all of the government's interrogatories no later than November 23, 2009. Each interrogatory must be answered separately and fully in writing under oath. Any grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection will be deemed waived unless the court, for good cause, excuses the failure. The person who makes the answers must sign them. If an attorney objects to the interrogatories, the attorney who objects must sign any objections. *See* Fed. R. Civ. P. 33(b)(3).

The defendants are advised that failure to provide timely, complete, truthful, and non-evasive answers to the interrogatories may result in a finding of civil or criminal contempt under 28 U.S.C. § 636(e), or any appropriate sanction authorized by Fed. R. Civ. P. 37.

## ORDER

**IT IS ORDERED** that the government's Motions to Compel Answers to Interrogatories (Filings 6 & 8) are granted, as follows:

1. Defendants, Terry Coon and Lisa Coon, shall answer each of the plaintiff's "INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY JUDGMENT CREDITOR UNITED STATES OF AMERICA" no later than **November 23, 2009.** Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the specific reasons for objection must be stated in lieu of an answer. If a defendant does not retain counsel, all answers and objections to the interrogatories shall be signed by the defendant. If a defendant does retain counsel in this matter, all answers shall be signed by the defendant and any objections shall be signed by the attorney making the objections.

2. If a defendant raises a frivolous objection to any of the interrogatories or fails to provide a timely, complete, truthful, and non-evasive response to each interrogatory, the court will entertain a motion for leave to institute civil or criminal contempt proceedings

against the defendant pursuant to 28 U.S.C. § 636(e), a motion pursuant to Fed. R. Civ. P. 37 for costs and sanctions, or any other appropriate request for relief.

     3.  The Clerk of the Court shall mail copies of this Memorandum and Order and of the applicable Motion to Compel, by regular and certified mail, return receipt requested[1], to Terry Coon and to Lisa Coon at their address(es) of record.

**DATED October 21, 2009.**

                                        **BY THE COURT:**

                                        s/ F.A. Gossett
                                        **United States Magistrate Judge**

---

[1] Neb. Rev. Stat. § 25-1578 provides that the court's orders to judgment debtors and witnesses "shall be served as a summons in other cases."